# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 8, 2006 Session

## SHEPARD BARBASH v. MONTY R. BRUELL AND ANTHONY SMITH

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 01-1159     Hon. Howell N. Peoples, Chancellor**

_____

**No. E2005-00387-COA-R3-CV - FILED MARCH 9, 2006**

_____

D. MICHAEL SWINEY, J., concurring opinion

I concur with the majority's Opinion. I write separately to address one additional point which I believe also is fatal to the defendant's appeal.

As noted in the majority's Opinion, a judgment against the defendant was entered in the Chancery Court of Hamilton County on January 16, 2002. It is this Tennessee judgment that the defendant attempted to have vacated under Rule 60.02(2). It is, however, the Georgia judgment that the defendant argues is void on the ground that the Georgia court did not have personal jurisdiction over him. The defendant makes no such argument as to the Tennessee judgment.

The defendant does not claim that the Tennessee court did not have personal jurisdiction over him. I believe this is an important distinction as the defendant does not argue that the Tennessee judgment was void, but rather argues that the Georgia judgment was void even though it is the Tennessee judgment the defendant attempts to attack by Rule 60.02(2). While the defendant's attack and argument that the Georgia judgment was void because of lack of personal jurisdiction over him may or may not have any validity, I think that question became moot once the defendant allowed the separate Tennessee judgment to go down against him, allowed that judgment to become final, and only then attempted to attack the Tennessee judgment by means of Rule 60.02(2).

I concur in the majority's Opinion. I, however, would affirm for this additional reason as well.

_____
D. MICHAEL SWINEY, JUDGE